UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:18-CR-00038-01** |
| **VERSUS** | **JUDGE DRELL** |
| **MYRA GRIFFIN FONTENOT (01)** | **MAGISTRATE JUDGE HANNA** |

### RULING AND ORDER

Before the court is Myra Fontenot's ("Fontenot") "Emergency Expedited Motion to Correct Sentence and Vacate Restitution Pursuant to 3663(a); 3742, & Fed.R.Crim.P. 36." (Doc. 39). Therein, Fontenot argues the order of restitution was unlawful; thus, this court should correct her sentence. Specifically, she claims she was "sentenced based on unlawful restitution which was not provided by disclosed method of proof intended to use violating Fed. R. Crim. P. 7(f).

Rule 7(f) discusses a bill of particulars and provides

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

As stated above, it is within the court's discretion to order a bill of particulars. Nothing in this case warranted the court to order such and Fontenot has not alleged anything otherwise. Rule 7(f) also states that Fontenot could have moved to have the court determine whether a bill of particulars was necessary, but no such motion was made. Finally, the purpose of a bill of particulars is to apprise a defendant, in greater detail, of the charges against him or her so that he or she can formulate a defense to the charges. An amount of restitution that would be sought would not have been contained in the bill of particulars.

Restitution was properly discussed in her plea agreement, at the time of the Rule 11 hearing and again at sentencing. Although she claims she never agreed to the stated amount of restitution, the record indicates otherwise.

The plea agreement reveals that Fontenot agreed to "pay restitution to the Internal Revenue Service in an amount to be determined prior to or at sentencing but not exceeding $250,000 pursuant to 18 U.S.C. §3663(a)(3)." (Doc, 31, p.5) A handwritten note initialed by counsel and Fontenot states: "The parties agree that the amount of tax loss is less than $250,000." (Id.). Fontenot also "agree[d] that the total amount of restitution reflected in this agreement result[ed] from [her] fraudulent conduct" and she "agree[d] to pay Title 26 interest on the restitution amount." (Id.).

A review of the transcript from Fontenot's from the Rule 11 hearing confirms the parties stipulated to an IRS loss amount of $250,000. During the hearing, the parties further confirmed the actual amount of restitution was not known at that time as Ms. Fontenot's expert had not completed a calculation for the amount owed to the IRS for 2014. However, the figure would be established prior to sentencing.

There is no doubt from the transcript that Ms. Fontenot knowingly and willing pleaded guilty to Count 2 of the indictment. She understood that by pleading guilty she was giving up various rights including the right to: (1) have the government come forward with witnesses who would testify in her presence; (2) confront and cross-examine those witnesses, (3) object to evidence presented by the government; and/or (4) offer evidence on her behalf. Fontenot also affirmed that no one made a promise or prediction as to what her sentence would be and understood restitution would be calculated for sentencing and if that amount was disputed, the parties would be able to argue their points at that time. She also understood that restitution would be assessed at

the time of sentencing. No questions or concerns regarding restitution were lodged by Fontenot during or after the Rule 11 hearing, via a presentence memorandum, at sentencing, or on appeal. She did not appeal from any of these determination, profusely apologized during her allocution, and the case is otherwise final.

Further, none of the cases cited by Fontenot are applicable to the instant case. U.S. v. Stout, 32 F.3d 901, 905 (5th Cir.1994) is a failure to file a return case whereas Fontenot's case is an IRS fraud case. Further, Stout challenged the repayment schedule he was supposed to establish with the IRS during his year of supervised release. No such order was issued in this case.

Fontenot also cites U.S. v. Giltner, 889 F.2d 1004 (11th Cir.1989) for the premise that the court's order of restitution was based on "incorrect information." (Doc. 39). As explained in Giltner, the defendant has the burden of proving that the disputed information is materially false or unreliable and that the judge relied upon that information. Fontenot makes a conclusory statement that "[t]he Government failed to provide copies of the master file, IRS agents files, or any information transmitted to the I.R.S. fraud referral specialist" and she "never agreed to the stated restitution amount as outlines in the P.S.R." (Doc. 39). Without more, Fontenot does not carry her burden of proof.

Fontenot's reliance upon U.S v. Baymon, 312 F.3d 725, 727 (5th Cir.2002) and U.S. v. Palmer, 456 F.3d 484, 488 (5th Cir.2006) are also misplaced. Baymon discusses a defendant who waived his right to appeal in the plea agreement. No such waiver exists in Fontenot's plea agreement. Palmer is an appeal by a defendant who entered a plea of guilty to use of a firearm in furtherance of a drug trafficking crime and possession with intent to distribute five grams or more of cocaine base. Palmer argued that the plea agreement and colloquy did not provide a sufficient factual basis to support his convictions. As established above, both the plea agreement and the

3

hearing fully established Fontenot knowingly entered a plea and understood an order of restitution would be entered. To the extent she attempts to claim a lack of probable cause supporting her charge, we note that IRS criminal investigator Cory Moton testified at the hearing to establish how the fraud was established and the amount of fraud the government calculated for the years 2012, 2013, and 2014.

Finally, Fontenot's contention that the "enhanced loss amount was miscalculated and is therefore unlawful" also lacks merit. Fontenot fails to provide anything other than her conclusory statement in support of this contention. While this court did amend a clerical error to the judgment, the substance of the restitution determination was not in error.

Accordingly, it is hereby

ORDERED that Fontenot's "Emergency Expedited Motion to Correct Sentence and Vacate Restitution Pursuant to 3663(a), 3742, and Fed. R. Crim. P. 36" (Doc. 39) is DENIED.

THUS DONE AND SIGNED this 15 day of May 2020, at Alexandria, Louisiana.

                                                        DEE D. DRELL, JUDGE
                                                        UNITED STATES DISTRICT COURT